IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VALECIO JAMELL SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:16-cv-8111-LSC |
| | ) | (2:08-cr-141-LSC) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

## I. Introduction

The Court has before it Petitioner Valecio Jamell Smith's ("Smith's") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to the motion. (Doc. 6.) For the reasons stated below, the motion is due to be denied.

## II. Background

Smith's sentence results from his plea of guilty to carjacking in violation of 18 U.S.C. § 2119 and using or carrying (brandishing) a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). This Court

sentenced Smith to a total of 147 months' imprisonment. Judgment was entered on May 8, 2013. Smith did not appeal.

## III. Discussion

Over three years after his conviction became final, Smith claims that his § 924(c)(1) conviction and sentence should be vacated because his federal carjacking conviction cannot serve as a predicate "crime of violence" following the supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]

In *Johnson*, the Supreme Court held that because the residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, imposition of an enhanced sentence under that provision violates the Fifth Amendment's guarantee of due process. *Id.* at 2557. The Supreme Court made clear that its ruling on the residual clause did not call into question the validity of the "elements clause" or the "enumerated crimes clause" of the ACCA's definition of a violent felony.[2] *Id.* at 2563. Subsequently in *Welch v.*

---

[1] Smith thus attempts to take advantage of 28 U.S.C. § 2255(f)(3), which allows a criminal defendant to file a habeas petition within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Johnson* was decided on June 26, 2015, and Smith placed his habeas petition in the mail to be filed with this Court on June 19, 2016.

[2] The ACCA calls for an enhanced sentence for a defendant who has three prior predicate convictions and who has been convicted under 18 U.S.C. § 922(g), which, among other things, prohibits a felon from possessing a firearm. A predicate conviction for a violent felony can qualify either under (1) the elements clause (§ 924(e)(2)(B)(i)) (a prior crime having as an element the

2

*United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

Smith's argument is foreclosed by Eleventh Circuit precedent. *See In re Smith*, 829 F.3d 1276 (11th Cir. 2016). In *Smith*, the Eleventh Circuit explained that as an initial matter, *Johnson*'s holding is not applicable to a non-ACCA statute, as follows:

> *Johnson* rendered the residual clause of the ACCA invalid. It said nothing about the validity of the definition of a crime of violence found in § 924(c) (3), which prohibits using or carrying a firearm during a crime of violence. Section 924(c) creates a separate crime and provides for a mandatory consecutive sentence for a defendant who uses a firearm during a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c)(1). For purposes of § 924(c), "crime of violence" means an offense that is a felony and:
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> 18 U.S.C. § 924(c)(3).
>
> . . .

---

use, attempted use, or threatened use of physical force against the person of another); (2) the enumerated crimes clause (§ 924(e)(2)(B)(ii)) (burglary, arson, extortion or use of explosives); or (3) the residual clause (§ 924(e)(2)(B)(ii)) (crime that presents a serious potential risk of physical injury to another).

> As noted, Smith contends that the rule promulgated in *Johnson*, which held the residual clause of the ACCA to be unconstitutionally vague, means that § 924(c)'s residual clause must likewise suffer the same fate. . . . This contention, however, is not self-evident and, indeed, there are good reasons to question an argument that *Johnson* mandates the invalidation of § 924(c)'s particular residual clause, as set out in § 924(c)(3)(B).
>
> First, an analysis of a statute's vagueness is necessarily dependent on the particular words used and, while similar, the language in the two statutes is not the same. Not only did the Supreme Court in *Johnson* decline to expressly invalidate § 924(c)'s residual clause, it further refused to broadly condemn other criminal laws that used risk-based terms. *Johnson*, 135 S. Ct. at 2561 (indicating that, contrary to fears expressed by the Government, its holding did not mean that other criminal statutes that used terms such as "substantial risk" were necessarily in "constitutional doubt"). Second, § 924(c)'s residual clause has not been subject to the same kind of uncertainty in application that long plagued the residual clause of the ACCA and ultimately led the Supreme Court to strike that clause. *See id*. at 2559–60 (discussing the uncertainty experienced in applying the ACCA's residual clause). In short, there are reasons to question whether the Supreme Court's striking of the ACCA's residual clause means that § 924(c)'s clause is also invalid . . . .

829 F.3d at 1278-79. The court then explained that even assuming solely for argument that *Johnson* applied to invalidate 924(c)'s residual clause,

> that conclusion would not assist Smith because the elements of the underlying conviction on which his § 924(c) conviction was based—carjacking, in violation of 18 U.S.C. § 2119—meet the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense. In fact, our precedent says just that. In *United States v. Moore*, 43 F.3d 568 (11th Cir. 1994), we held:
>
>> The term "crime of violence" as Congress defined it in 18 U.S.C § 924(c)(3) clearly includes carjacking.

> "Tak[ing] or attempt[ing] to take by force and violence or by intimidation," 18 U.S.C. § 2119, encompasses "the use, attempted use, or threatened use of physical force . . . ." 18 U.S.C. § 924(c)(3)(A).
>
> *Id.* at 572–73 (emphasis added). Stated another way, an element requiring that one take or attempt to take by force and violence or by intimidation, which is what the federal carjacking statute does, satisfies the force clause of § 924(c), which requires the use, attempted use, or threatened use of physical force. In short, our precedent holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause, and that ends the discussion.

829 F.3d at 1278–81 (footnotes omitted). Accordingly, Smith's sentence remains valid after *Johnson*.

## III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied. Additionally, this Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Smith's claim does not satisfy either standard. Accordingly,

insofar as an application for a certificate of appealability is implicit in Smith's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON MAY 8, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704